UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JACINTO PACHECO, individually and on behalf of:
others similarly situated,

                           Plaintiff,

-against-

J.F. SANTOS BAKERY, LTD., FERNANDO C.:
SANTOS and JOHN SANTOS,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**Case No.:**

**Collective Action and Class Action Complaint**

Plaintiff, JACINTO PACHECO, individually and on behalf of similarly situated employees and/or workers, by and through his attorneys, Fisher Taubenfeld LLP, as and for his Complaint alleges the following:

<u>PRELIMINARY STATEMENT</u>

Plaintiff worked with Defendants, at their bakery business for approximately four and a half years (from on or about April 4, 2013 until August 13, 2018). For the duration of Plaintiff's employment, he performed manual labor such as making bread, packing baked goods and donuts, maintaining the bread-making equipment, and attending to customers as they came in. Plaintiff also sometimes fried the donuts as directed. Other similarly situated employees and/or workers similarly performed manual labor for Defendants. Plaintiff and other similarly situated employees and/or workers worked a grueling schedule. Plaintiff regularly worked 7 days a week in excess of forty hours per week. For example, from approximately October 2017 until his separation date on or about August 13, 2018, Plaintiff worked 82.5 hours a week. Other

similarly situated employees and/or workers also worked more than 40 hours per week. Plaintiff and similarly situated workers did not receive overtime pay.

During Plaintiff's entire employment, Defendants' pay practices violated the federal and state labor laws which were created to protect the very manual worker at issue here, and Defendants took advantage of Plaintiff's, and others similarly situated, dependence on them. Defendants have also not provided Plaintiff and others similarly situated with wage notices or wage statements as required by state law.

Accordingly, Plaintiff brings this action on behalf of himself and other similarly situated employees and/or workers, seeking, *inter alia*, damages for violations of overtime wage and unpaid wage provisions of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) (FLSA), the New York Labor Law (NYLL) §§ 190 *et seq.* and §§ 650 *et seq.* and the New York Codes, Rules, and Regulations (12 NYCRR) Title 12 § 141 *et seq.* and alleges, upon knowledge with respect to his own acts and upon information and belief with respect to all other matters, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto, on behalf of himself and other similarly situated employees and/or workers who worked for Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.*, on behalf of himself and other similarly situated employees and/or workers who worked on or after the date that is six (6) years before the filing of the instant Complaint based upon the following acts and/or omissions which Defendants committed:

i.    Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

ii.    Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

iii.    Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6; and

iv.    Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

2.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

4.    Jurisdiction of this Court over Plaintiff's state law claims is invoked pursuant to NYLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that the state law claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

6.    Plaintiff, Jacinto Pacheco, resides in Mount Vernon, New York, and was employed by Defendants in their bakery from approximately April 8, 2013 until August 13, 2018.

7.    Defendant J. F. Santos Bakery, Ltd. d/b/a Santos Bakery (hereinafter "Santos Bakery") is a domestic corporation organized under the laws of the state of New York with an address for service of process at 171 Willow Street, Yonkers, New York 10701.

8.    Upon information and belief, Defendant Santos Bakery is engaged in the business of offering a variety of baked goods, including breads, donuts, cakes and pastries and fresh coffee to the public, serving food and drink to its customers, and it is located at 171 Willow Street, Yonkers, New York 10701.

9.    Upon information and belief, Defendant Fernando C. Santos is an individual who resides in the State of New York and is an owner, principal, officer, manager, and/or employee of Santos Bakery.

10.    Upon information and belief, Defendant John Santos is an individual who resides in the State of New York and is an owner, principal, officer, manager, and/or employee of Santos Bakery.

11.    Upon information and belief, Defendant Santos Bakery was established in 2011 by defendant Santos.

12.    Defendant Fernando C. Santos possesses the authority to hire and fire employees, establish and monitor their work schedule, set their rates of pay, and maintain payroll records, and he in fact hired Plaintiff in April of 2013.

4

13.     Defendant Fernando Santos possesses the operational control over Santos Bakery and its employees through the Bakery.

14.     Defendant Fernando Santos is engaged in business in the State of New York and is being sued individually based on his capacity as an owner, officer, principal, employee, and/or agent of Defendant Santos Bakery.

15.     At all relevant times, Defendant Fernando Santos was a decision-maker with respect to hiring and firing employees and he had control over the personnel decisions and employment practices of Santos Bakery, and he was responsible for the wage and hour practices complained of herein.

16.     Defendant John Santos possesses the authority to hire and fire employees, establish and monitor their work schedule, set their rates of pay, and maintain payroll records.

17.     Defendant John Santos possesses the operational control over Santos Bakery and its employees through the Bakery.

18.     Defendant John Santos is engaged in business in the State of New York and is being sued individually based on his capacity as an owner, officer, principal, employee, and/or agent of Defendant Santos Bakery.

19.     At all relevant times, Defendant John Santos was a decision-maker with respect to hiring and firing employees and he had control over the personnel decisions and employment practices of Santos Bakery, and he was responsible for the wage and hour practices complained of herein.

20.     Defendants John Santos and Fernando Santos, as one of the ten largest shareholders of Santos Bakery, are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

5

21.    At all relevant times, Plaintiff was hired by Defendants on or about April 4, 2013 and worked for them from that date until on or about August 14, 2018.

22.    Further, at all relevant times, Defendants Fernando and John Santos directly supervised and managed Plaintiff.

23.    Plaintiff is therefore an "employee" within the meaning of 29 U.S.C. §203(d) and NYSLL §§ 190, 651 and Defendants Fernando Santos, John Santos and Santos Bakery are each therefore an "employer" within the meaning of 29 U.S.C. §203 (d) and NYSLL §§ 190, 651.

24.    Defendants employ employees who handle, sell, and otherwise work on goods or material that have been moved in and produced for commerce by any person.  Upon information and belief, the products and machines used by Plaintiff, and other employees at Santos Bakery, have been moved in and produced for interstate commerce.

25.    Defendants employed over 2 employees at Santos Bakery.  Defendants operations constitute an "enterprise" as defined in 29 U.S.C. § 203(r).  The annual gross volume of same made or business done by Defendants' operations, both individually and collectively is in excess of $500,000.  Accordingly, Defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

26.    At all relevant times hereto, Plaintiff and other similarly situated employees and/or workers were engaged in interstate "commerce" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

27.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff, and other similarly situated employees and/or workers, have been and continue to be economically injured.

6

28.    Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees and/or workers in accordance with federal and New York State law.

29.    Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law regulations to Plaintiff and other similarly situated employees and/or workers who worked in excess of forty (40) hours per week.

30.    Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees and/or workers with proper wage notices and paystubs.

31.    Defendants have maintained a policy and practice of failing to pay Plaintiff and other similarly situated employees an extra hour of pay when they worked a span of hours that exceeded ten (10) hours in a single day.

I.    **Plaintiff's Claims.**

   A. **Plaintiff's Employment, Work Schedule and Pay**

32.    Plaintiff began working for Defendants on or about April 8, 2013; he was in fact hired by defendant Fernando Santos.

33.    At all relevant times, Plaintiff worked for Defendants at defendant Santos Bakery located at 171 Willow Street, Yonkers, NY 10701 and he was supervised by Defendant Fernando Santos and Defendant John Santos.

34.    From April 8, 2013 until on or about October 29, 2017 (Time Period I), Plaintiff's job duties included: making bread, attending to customers in the store, and maintaining the bread-making equipment.  Plaintiff regularly worked well in excess of forty hours per week.

35.    From on or about October 29, 2017 to on or about August 13, 2018 (Time Period II), Plaintiff's job duties and schedule changed.

7

36.    During Time Period II (October 29, 2017 to August 13, 2018), Plaintiff's job duties included making bread, packing baked goods and donuts, attending to customers in the store, taking out the garbage, and maintaining the bread-making equipment.

37.    During Time Period II, Plaintiff's work schedule was as follows:

    i.    Mondays: 5:30 a.m. to 9:30 a.m. and from 3:00 p.m. to 12:00 a.m. (midnight) (13 hours).

    ii.    Tuesdays: 5:30 a.m. to 9:30 a.m. and from 7:00 p.m. to 12:00 a.m. (9 hours).

    iii.    Wednesdays: 5:30 a.m. to 7:00 p.m. (13.5 hours).

    iv.    Thursdays: 5:30 a.m. to 9:30 a.m. and from 3:00 p.m. to 12:00 a.m. (midnight) (13 hours).

    v.    Fridays: 5:30 a.m. to 10:30 a.m. and from 8:00 p.m. to 9:00 a.m. (Saturday morning) (18 hours).

    vi.    Saturdays: 12:00 p.m. to 12:00 a.m. (midnight) (12 hours).

    vii.    Sundays 5:30 a.m. to 9:30 a.m. (4 hours).

38.    During Time Period II, Plaintiff's schedule required him to work 82.5 hours per week every week and he was paid a fixed amount salary of $650 per week.

**B.    Wage and Record Keeping Violations Affecting Plaintiff**

39.    As demonstrated above, Defendants failed to pay Plaintiff the minimum wage per hour.

40.    Although Plaintiff regularly worked more than 40 hours each week, Plaintiff was not paid for his overtime work at an overtime premium of 150% of his regular rate.

8

41.   Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

42.   Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information required under NYLL § 195.

43.   Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

44.   Defendants failed to provide Plaintiff with spread-of-hours payments in accordance with 12 NYCRR 146-1.6 for each day he worked ten or more hours.

**II.     Collective Action Allegations.**

45.   Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff, to all other similarly situated employees and/or workers.

46.   Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees and/or workers of Defendants pursuant to 29 U.S.C. § 216(b).

47.   Plaintiff's Consent to Sue form is attached as **Exhibit 2**.

48.   Upon information and belief, there are at least 50 current and former employees and/or workers who performed manual labor who have been denied minimum wage and overtime compensation while working for Defendants.

49.   At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked,

willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees and/or workers.

50. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**III.     Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

51.     Plaintiff brings this action collectively on behalf of himself and other similarly situated employees and/or workers who did not receive compensation required by the NYLL in respect to their work for Defendants and who have performed manual labor for the Defendants on or after the date that is six (6) years before the filing of the instant Complaint.

52.     Upon information and belief, this class of persons consists of not less than 50 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

53.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

54.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

55.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

56.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

57.     Plaintiff brings the third through sixth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

### FIRST CLAIM FOR RELIEF
**(Minimum Wage Violations under the FLSA against all Defendants)**

58.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

60.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and other similarly situated employees and/or workers the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

61.     Plaintiff and other similarly situated employees and/or workers seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(Overtime Wage Violations under the FLSA against all Defendants)**

62.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

64.    At all relevant times hereto, Defendants have had and operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully failing and refusing to pay Plaintiff and other similarly situated employees and/or workers at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

65.    Plaintiff and others similarly situated employees and/or workers seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL against all Defendants)**

66.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67.    Defendants knowingly and willfully paid Plaintiff and other similarly situated employees and/or workers less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

68.    Defendants' failure to pay the Plaintiff and other similarly situated employees and/or workers minimum wage has been willful within the meaning of the NYLL § 663.

69.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees and/or workers have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys'

fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

70.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

72.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and other similarly situated employees and/or workers at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

73.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees and/or workers have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

74.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' and/or workers' being hired, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

76.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees and/or workers with a wage statement, along with each of their respective pay, which specified their regular rate of pay, their regular hours worked, their overtime rate of pay, their overtime hours worked, and the pay period.

77.     Defendants failed to provide Plaintiff and other similarly situated employees and/or workers with a notice or paystub in accordance with §195 of the NYLL.

78.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees and/or workers has sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
#### (NYLL Spread-of-Hours against all Defendants)

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees and/or workers for one hour's pay at the minimum wage for each hour they worked in excess of 10 hours in a given day.

81.     Although for the majority of Plaintiff's employment, he and other similarly situated employees and/or workers worked more than 10 hours each day, Defendants failed to

14

compensate Plaintiff and other similarly situated employees and/or workers for one hour's pay at the minimum wage.

82.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees and/or workers have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A.  Compensatory Damages in an amount to be determined at trial;

B.  Prejudgment Interest;

C.  Liquidated Damages pursuant to the FLSA and NYLL;

D.  Plaintiff's costs and reasonable attorneys' fees; and

E.  Any relief the Court deems just and proper.

Dated: July 1, 2019
New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:      J.F. SANTOS BAKERY, LTD.

        PLEASE TAKE NOTICE that JACINTO PACHECO, as an employee of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant, and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on his behalf,

        HE ALSO HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

        Dated: New York, New York
               July 1, 2019

                                        FISHER TAUBENFELD LLP

                                        _____/s/_____
                                        Michael Taubenfeld
                                        225 Broadway, Suite 1700
                                        New York, New York 10007
                                        Phone: (212) 571-0700
                                        Facsimile: (212) 505-2001
                                        *ATTORNEYS FOR PLAINTIFF*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   FERNANDO C. SANTOS and JOHN SANTOS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that **JACINTO PACHECO**, on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of **J.F. SANTOS BAKERY, LTD.**, for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

     Dated: New York, New York
          July 1, 2019

                        FISHER TAUBENFELD LLP

                        _____/s/_____

                        Michael Taubenfeld
                        225 Broadway, Suite 1700
                        New York, New York 10007
                        Phone: (212) 571-0700
                        Facsimile: (212) 505-2001
                        *ATTORNEYS FOR PLAINTIFF*

EXHIBIT 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by J.F. SANTOS BAKERY, LTD., and/or related

entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound

by the terms of the Professional Services Agreement signed by me in this case.

JACINTO PACHECO
NAME

_____/s/_____
SIGNATURE

6-28-19
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English
translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue
form signed by Jacinto Pacheco.

RAQUEL HERAS

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de J.F. SANTOS BAKERY, LTD (and Fernando Santos, Owner) o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos.  Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Jacinto Pacheco.
NOMBRE

FIRMA

6 - 28 - 19.
FECHA